HARSH ARORA, ESQ. (FL SBN 35271) (*pro hac vice*)
EFRAIM ADLER, ESQ. (FL SBN 1008261) (*pro hac vice*)
**KELLEY KRONENBERG, P.A.**
10360 West State Road 84
Ft. Lauderdale, FL 33324
954.370.9970 (Tel); 954.382.1988 (Fax)
Emails: harora@kelleykronenberg.com
　　　　eadler@kelleykronenberg.com

MICHAEL P. MCCLOSKEY, ESQ. (CA SBN 106051)
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
401 West A Street, Suite 1900
San Diego, CA 92101-7908
619.881.3326 (Tel); 619.321.6201 (Fax)
Email: michael.mccloskey@wilsonelser.com

Attorneys for Plaintiff
DCR WORKFORCE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCR WORKFORCE, INC. | Case Number: 21-cv-06066-KAW |
| Plaintiff, | **NOTICE OF COMPLIANCE OF PLAINTIFF'S SERVICE OF MATERIALS PURSUANT TO ORDER SETTING INTIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES, CIVIL L.R. 16-2(C) AND CIVIL L.R. 4-2** |
| v. | |
| COUPA SOFTWARE INCORPORATED | |
| Defendant. | |

  **PLEASE TAKE NOTICE THAT**, Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines filed on August 6, 2021 ("Order"), Civil L.R. 16-2(c) and Civil L.R. 4-2, Plaintiff DCR Workforce, Inc. ("Plaintiff"), by and through the undersigned counsel, hereby serves onto Defendant Coupa Software Incorporated ("Defendant"), through first class mail, a copy of the previously served Complaint in this action, along with the incorporated Asset Purchase Agreement and Final Earnout Statement (as defined in the

1

Complaint) and Summons. In addition to the foregoing, Plaintiff hereby serves onto Defendant through electronic filing the following documents: (i) a copy of the Order, attached hereto as **"Exhibit 1,"** (ii) Notice of Assignment of Case to a United States Magistrate Judge for Trial, attached hereto as **"Exhibit 2,"** (iii) the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," attached hereto as **"Exhibit 3,"** (iii) the Standing Order for Magistrate Judge Kandis A. Westmore, attached hereto as **"Exhibit 4,"** and (iv) Standing Order for All Judges of the Northern District of California – Content of Joint Case Management Statement, attached hereto as **"Exhibit 5."**

Dated: August 20, 2021          **KELLEY KRONENBERG P.A.**

By: /s/ *Harsh Arora*
     HARSH ARORA, ESQ.
     (FL SBN 35271) (pro hac vice)
     Attorney for Plaintiff
     DCR WORKFORCE, INC.

By: /s/ *Efraim Adler*
     EFRAIM ADLER, ESQ.
     (FL SBN 1008261) (pro hac vice)
     Attorney for Plaintiff
     DCR WORKFORCE, INC.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By: /s/ *Michael P. McCloskey*
     MICHAEL P. MCCLOSKEY, ESQ.
     (CA SBN 106051)
     Attorney for Plaintiff
     DCR WORKFORCE, INC.

SERVICE OF MATERIAL PURSUANT TO ORDER, CIVIL L.R. 16-2(C) AND CIVIL L.R. 4-2
21-cv-06066-KAW

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the county of Broward, State of Florida. I am over the age of 18 and not a party to the within action; my business address is 10360 West State Road 84 Ft. Lauderdale, FL 33324.

On August 20, 2021, I caused to be served the following additional document(s) with this Notice of Compliance:

COMPLAINT; ASSET PURCHASE AGREEMENT;
FINAL EARNOUT STATEMENT; AND SUMMONS

on the following parties in this action at the physical and email addresses stated below:

*Attorneys for Defendant, COUPA SOFTWARE INCORPORATED*
Bruce G. Vanyo, Esq. (PHV)
**Katten Muchin Rosenman LLP**
575 Madison Avenue #14
New York, NY 10022
Telephone: 212-940-8800
Emails:bruce@katten.com, courtalertlax@katten.com, harriet.vletas@katten.com,
paul.yong@katten.com

*Attorneys for Defendant, COUPA SOFTWARE INCORPORATED*
Christina L. Costley, Esq. (PHV)
**Katten Muchin Rosenman LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone: 310-788-4400
Email:chrisina.costley@katten.com

*Attorneys for Defendant, COUPA SOFTWARE INCORPORATED*
Jennifer Nicole, Esq.
Michael Walter Marcil, Esq.
**Gunster Yoakley & Stewart PA**
450 E Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-468-1307
Emails:jnicole@gunster.com, mmarcil@gunster.com

SERVICE OF MATERIAL PURSUANT TO ORDER, CIVIL L.R. 16-2(C) AND CIVIL L.R. 4-2
21-cv-06066-KAW

By the following method of service:

BY UNITED STATES FIRST-CLASS MAIL in the manner as provided in F.R.C.P. 5(b)(C); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

Bruce G. Vanyo, Esq. at 575 Madison Avenue #14, New York, NY 10022, Christina L. Costley, Esq. at 2029 Century Park East, Suite 2600, Los Angeles, CA 90067 and Jennifer Nicole, Esq. and Michael Walter Marcil, Esq. at 450 E Las Olas Boulevard, Suite 1400 Fort Lauderdale, FL 33301.

Executed on August 20, 2021, in Fort Lauderdale, Florida. I hereby certify under penalty of perjury under the laws of the State of Florida, that the above is true and correct.

_____
Diana Garcia

SERVICE OF MATERIAL PURSUANT TO ORDER, CIVIL L.R. 16-2(C) AND CIVIL L.R. 4-2
21-cv-06066-KAW

# Exhibit 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DCR WORKFORCE, INC.,

          Plaintiff,

     v.

COUPA SOFTWARE INCORPORATED,

          Defendant.

Case No.  21-cv-06066-KAW

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

     IT IS HEREBY ORDERED that this action is assigned to the Honorable Kandis A. Westmore.  When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal.  All other parties must file a consent or declination within 14 days of appearing in the case.  All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

     IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

     IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

United States District Court
Northern District of California

the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California", additional copies of which can be downloaded from the court's Internet website: http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| **Date** | **Event** | **Governing Rule** |
| 8/6/2021 | Case filed with the Northern District of California | |
| 10/19/2021 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| 11/2/2021 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil  L.R . 16-9 |
| 11/9/2021 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 1:30 PM in:<br><br>Courtroom TBD<br>Ronald Dellums Federal Building<br>1301 Clay Street<br>Oakland, CA 94612 | Civil L.R . 16-10 |

\* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 21 days in advance of the Initial Case Management Conference.

\*\* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

United States District Court
Northern District of California

2

# Exhibit 2



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE
TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to a Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including all pretrial and trial proceedings, entry of judgment and post-trial motions. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit.

Attached is a form to complete to indicate whether you consent to proceed before the assigned magistrate judge or decline to proceed before the assigned magistrate judge. This form is also available from the Court's website: cand.uscourts.gov/civilforms. You are free to withhold consent without adverse consequences. If any party declines, the case will be reassigned to a district judge.

If you are the plaintiff or removing party in this case, you must file your consent/declination form within 14 days of receipt of this notice. Each other party must file its consent/declination form within 14 days of appearing in the case.

The plaintiff or removing party must serve a copy of this notice upon all other parties to this action.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s) | Case No. C |
| v. | CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION |
| Defendant(s). | |

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you (if you are the party) or the party you represent (if you are an attorney in the case) choose(s) to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

☐ **Consent to Magistrate Judge Jurisdiction**

      In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment. I understand that appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

     **OR**

☐ **Decline Magistrate Judge Jurisdiction**

      In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case and I hereby request that this case be reassigned to a United States district judge.

DATE: _____     NAME: _____

                                  COUNSEL FOR
                                  (OR "PRO SE"): _____

                                    _____
                                          *Signature*

# Exhibit 3



# United States District Court
# Northern District of California

—

## Consenting to the Jurisdiction
## of a Magistrate Judge



*Oakland*



*San Francisco*



*San Jose*



*Eureka-McKinleyville*

**Richard Seeborg**
*Chief District Judge*

**Susan Y. Soong**
*Clerk of Court*

# United States District Court
# Northern District of California

—

**Richard Seeborg**
*Chief District Judge*

**Susan Y. Soong**
*Clerk of Court*

**San Francisco Courthouse**
450 Golden Gate Avenue
San Francisco, California 94102

(415) 522-2000

**Oakland Courthouse**
1301 Clay Street, Suite 400S
Oakland, California 94612-5212

(510) 637-3530

**San Jose Courthouse**
280 South First Street, Room 2112
San Jose, California 95113

(408) 535-5363

**Eureka-McKinleyville Courthouse**
3140 Boeing Avenue
McKinleyville, California 95519

(707) 445-3612

## A Message from the Chief Judge of the United States District Court



As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial, and the entry of judgment.

The Northern District was one of the first federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges of our district have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. If the case must be tried, your trial date will be more certain and less likely to be continued to accommodate a felony jury trial. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of experience before being appointed to the bench.

As the following biographies demonstrate, many magistrate judges in our district are active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the circuit and national governing bodies, and all are active in local court governance.

Each has been appointed based on detailed, confidential feedback from the bar and the community, and each is equipped to handle the full range of issues presented to our court. Combined, the Northern District's magistrate judges bring thousands of hours of federal judicial experience to their work at our court.

**Richard Seeborg**
*Chief Judge*

# How Consent Jurisdiction Works

Under a law passed by Congress in 1976, the parties in a civil action in federal district court have the option of consenting to have the case handled by a United States magistrate judge. Magistrate judges are appointed by the district judges of each district court following a competitive merit selection process and serve for terms of eight years. Magistrate judges may be reappointed only after a rigorous review of their work that includes community input. In contrast, district judges are appointed by the President and confirmed by the Senate and serve without term limits.

With the exception of certain types of cases (including capital habeas corpus cases, securities class actions, and bankruptcy appeals), when a civil action is filed in the Northern District of California, it is randomly assigned to either a district judge or a magistrate judge. For every case assigned to a magistrate judge, all parties (that is, all plaintiffs and all defendants) are asked to consent to have the case handled by a magistrate judge all the way through trial. The parties are encouraged to make a decision regarding magistrate judge jurisdiction as soon as possible and no later than the first case management conference (about 100 days after the case is

filed). If any party does not consent, the case is reassigned to a district judge.

If all parties consent to magistrate judge jurisdiction, then the assigned magistrate judge presides over all aspects of the case and any appeals from the magistrate judge's rulings are made directly to the Court of Appeals.

Sometimes cases initially assigned to district judges are reassigned to magistrate judges because all parties consent to magistrate judge jurisdiction. The district judge may invite the parties at the initial case management conference to consider consenting to the jurisdiction of a magistrate judge, and the parties may take that opportunity to do so.

The magistrate judges of the Northern District handle hundreds of civil cases every year. Each magistrate judge has an assigned courtroom and dedicated staff, including a courtroom deputy and law clerks. Because of their diverse professional experiences before and during their service as judges, this court's magistrate judges are well-qualified to preside over all types of civil litigation.

# Laws and Court Rules on Magistrate Judge Jurisdiction

* Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1)
* Federal Rule of Civil Procedure 73
* Northern District of California Civil Local Rule 73

# Magistrate Judge Biographies

## San Francisco Courthouse
Magistrate Judge **Laurel Beeler**
Magistrate Judge **Jacqueline Scott Corley**
Magistrate Judge **Thomas S. Hixson**
Magistrate Judge **Sallie Kim**
Chief Magistrate Judge **Joseph Spero**
Magistrate Judge **Alex G. Tse**

## Oakland Courthouse
Magistrate Judge **Donna M. Ryu**
Magistrate Judge **Kandis Westmore**

## San Jose Courthouse
Magistrate Judge **Nathanael Cousins**
Magistrate Judge **Virginia K. DeMarchi**
Magistrate Judge **Susan van Keulen**

## Eureka-McKinleyville Courthouse
Magistrate Judge **Robert M. Illman**



## MAGISTRATE JUDGE
## Laurel Beeler

**San Francisco Courthouse**
**Year Appointed:** 2010

**Magistrate Judge Laurel Beeler** has presided as a trial and settlement judge over hundreds of civil cases, including intellectual property, civil rights, employment, and business disputes.

Judge Beeler was an assistant U.S. attorney in the Northern District, prosecuting complex white-collar cases with parallel civil components. She was the Office's Professional Responsibility Officer and Deputy Chief of the Criminal Division. She was a law clerk to the Hon. Cecil F. Poole, United States Court of Appeals for the Ninth Circuit, and the Civil Appeals Division Chief at the Ninth Circuit's Office of Staff Attorneys.

Judge Beeler is a member of the Ninth Circuit Magistrate Judge Executive Board and the Ninth Circuit Criminal Case Committee and is one of four national judicial liaisons to the U.S. Department of Justice/Office of Defender Services Joint Electronic Technology Working Group. She chairs the Northern District's Criminal Practice Committee and implemented the Court's reentry and diversion courts.

Judge Beeler was President of the Federal Bar Association, co-chair of the Lawyer Representatives to the Ninth Circuit, a board member of the Bar Association of San Francisco ("BASF"), and a member of the Ninth Circuit's Jury Trial Improvement Committee. She is a member of the Executive Committee of the Edward J. McFetridge American Inn of Court. She received BASF's Barristers Choice Award in 2015 and the San Francisco Trial Lawyers Association's Magistrate Judge of the Year award in 2018.

Judge Beeler taught civil trial practice at U.C. Berkeley School of Law and Criminal Procedure at U.C. Hastings College of the Law. She has led rule-of-law projects in Indonesia, Vietnam, Cambodia, Jordan, the Philippines, Ukraine, Turkey, and Thailand.

Judge Beeler graduated with honors from the University of Washington School of Law, where she was Order of the Coif and an Articles Editor on the *Washington Law Review*. She received her A.B. with honors from Bowdoin College.



**Magistrate Judge Jacqueline Scott Corley** has been on the bench since 2011 and has presided over nearly every type of civil action at all stages of the proceedings, from motions to dismiss through jury trial. She has also served as a settlement judge in hundreds of cases.

Just prior to taking the bench, Judge Corley was a partner at Kerr & Wagstaffe, LLP in San Francisco as a civil litigator with an emphasis on federal practice. She represented individuals, government entities, and institutions as plaintiffs and defendants in a variety of matters that included trademark, copyright, patent, constitutional law, defamation, malicious prosecution, class actions, contract and probate.

From 1998 through 2009 Judge Corley served as a career law clerk to the Honorable Charles R. Breyer. She also served on the Northern District of California Alternative Dispute Resolution mediation and early neutral evaluation panels from 2006 though her appointment.

Judge Corley received her undergraduate degree from the University of California Berkeley and her J.D. from Harvard Law School, magna cum laude, where she was an editor and Articles Chair of the *Harvard Law Review*. Upon graduation she served as a law clerk to the Honorable Robert E. Keeton of the United States District Court for the District of Massachusetts. She then practiced complex commercial litigation and white collar criminal defense at Goodwin, Procter LLP in Boston and was a litigation associate at Coblentz, Patch, Duffy & Bass LLP in San Francisco before joining Judge Breyer in 1998.



## MAGISTRATE JUDGE
## Thomas S. Hixson

**San Francisco Courthouse**
**Year Appointed:** 2018

**Magistrate Judge Thomas S. Hixson** joined the Court in 2018 following nearly 20 years as a litigator in private practice in San Francisco.

Before taking the bench, Magistrate Judge Hixson was a partner at Morgan, Lewis & Bockius, LLP, and before then an associate and then partner at Bingham McCutchen LLP, and prior to that an associate at McCutchen, Doyle, Brown & Enersen, LLP. His practice encompassed complex litigation in federal and state courts in fields including intellectual property, antitrust and unfair competition, energy regulation, water management and telecommunications.

Magistrate Judge Hixson is a past chair of the California State Bar Antitrust and Unfair Competition Law Section (now the Antitrust, UCL and Privacy Section of the California Lawyers Association).

He has contributed to the Section's treatise, California State Antitrust & Unfair Competition Law, published by Matthew Bender. His pro bono work while in private practice included serving as counsel in a complex challenge to telecommunications marketing practices before the California Public Utilities Commission and assisting tenants facing eviction via the San Francisco Superior Court's Housing Negotiation Project. He also served on the Board of Directors of the AIDS Legal Referral Panel.

Magistrate Judge Hixson earned his undergraduate and law degrees, both magna cum laude, from Harvard. The year after graduating from law school, he served as a law clerk to Ninth Circuit Court of Appeals Judge A. Wallace Tashima in Pasadena.



# MAGISTRATE JUDGE
## Sallie Kim

**San Francisco Courthouse**
**Year Appointed:** 2015

**Magistrate Judge Sallie Kim** brings a broad range of civil and criminal litigation experience to the bench, with a special emphasis on civil cases in federal court.

Judge Kim graduated from Princeton University in 1986 and from Stanford Law School in 1989. Upon graduation from law school, she served as law clerk to United States District Judge Spencer Williams of this Court. She then entered private civil litigation practice in Palo Alto. From 1995-99, Judge Kim served as Associate and Assistant Dean for Student Affairs at Stanford Law School, after which she returned to private civil litigation practice and became a partner with the law firm of GCA Law Partners, LLP in 2002. She practiced at GCA Law Partners until she joined the Court in 2015.

Judge Kim's recent professional activities outside of regular civil litigation practice have included service in the following capacities: Co-Director of the Trial Advocacy Program and Lecturer in Law at Stanford Law School beginning in 2014; the Interim Title IX Coordinator for Stanford University in 2013 and 2014; and Volunteer Deputy District Attorney for Santa Clara County for 14 weeks in 2010.



## MAGISTRATE JUDGE
### Alex G. Tse

**San Francisco Courthouse**
**Year Appointed:** 2020

**Magistrate Judge Alex G. Tse** joined the Court in January 2020 after serving nearly twenty years in various positions with the United States Attorney's Office, including an interim appointment as the United States Attorney for the Northern District of California. Judge Tse began his legal career in 1990 in private practice. In 1994, he became an Assistant United States Attorney in the Civil Division, where he defended the federal government in civil cases, and pursued civil actions against defendants who defrauded the government. In 2001, Judge Tse became a Deputy Chief of the Civil Division. In late 2006, Judge Tse left the United States Attorney's Office and in 2007 took a position as an Assistant Chief City Attorney for the City and County of San Francisco, where he led the team of Deputy City Attorneys charged with investigating and abating public nuisances. In late 2012, Judge Tse returned to the U.S. Attorney's Office as the Chief of the Civil Division. In 2016, he received a Special Commendation from the Civil Division of the U.S. Department of Justice, and he received a Director's Award for Superior Performance from the Executive Office of U.S. Attorneys in 2017. Prior to joining the bench, he served on various court committees in the Northern District of California, and served for several years as a volunteer court-appointed mediator and early neutral evaluator. Judge Tse is a graduate of the University of California at Berkeley, and of the University of California, Hastings College of the Law.



# CHIEF MAGISTRATE JUDGE
## Joseph C. Spero

**San Francisco Courthouse**
**Year Appointed:** 1999

**Chief Magistrate Judge Joseph C. Spero** has presided as trial judge in criminal and civil cases in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has also served as a settlement judge in over 1500 cases.

Judge Spero serves on the Court's Executive Committee, as Chair of the Court's Reentry Committee and of the Diversion Committee, and has served as Chair of the Court's Technology Committee, and as Liaison Judge for Pretrial Services and Probation. He also has served on various circuit and national committees including the Magistrate Judges Advisory Group of the Administrative Office of the Courts, the Magistrate Judge Executive Board, and the Capital Case Committee of the Ninth Circuit.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass).

While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court.

Judge Spero served as pro bono counsel in a variety of cases. He received the Thurgood Marshall Award from the Bar Association of the City of New York.



# MAGISTRATE JUDGE
## Donna M. Ryu

**Oakland Courthouse**
**Year Appointed:** 2010

**Magistrate Judge Donna M. Ryu** joined the Northern District bench in March 2010, and has presided over consent cases in a wide variety of fields, including commercial disputes, intellectual property, employment, civil rights, insurance, personal injury, environmental, maritime, and constitutional law. She conducts settlement conferences in all major practice areas, and manages discovery in complex matters, including multi-district litigation. Judge Ryu has served on numerous court committees, including Local Rules, Subcommittee on E-Discovery, and Pro Bono Projects, among others. She also presides over the Oakland Reentry Court.

Judge Ryu began her career as a commercial litigator at a large San Francisco firm before joining an Oakland-based firm specializing in class actions, and later founding a small firm. She has extensive experience in complex civil litigation, including discovery, motions and trials. Prior to taking the bench, Judge Ryu was a Clinical Professor of Law at U.C. Hastings, and before that at Golden Gate University Law School.

She has been honored as a California Lawyer of the Year in Employment Law. She is the recipient of the Asian American Bar Association's Joe Morozumi Award for Exceptional Legal Advocacy, the Rutter Award for Excellence in Teaching, and the National Asian Pacific American Bar Association's Trailblazers Award. She co-designed a national training institute on class actions, and has written and lectured in the areas of employment law, e-discovery, pretrial practice, attorneys' fees, class actions, ethics, and professionalism.

Judge Ryu graduated with honors from Yale University, and received her law degree in from U.C. Berkeley Law School, where she continues to teach as a Lecturer.



## MAGISTRATE JUDGE
## Kandis A. Westmore

**Oakland Courthouse**
**Year Appointed:** 2012

**Magistrate Judge Kandis A. Westmore** was appointed in February 2012 and is assigned to the Oakland Division. Judge Westmore served as a law clerk with the Contra Costa County Public Defender's Office before beginning her legal career at an Oakland-based boutique law firm specializing in plaintiffs' civil rights litigation.

She joined the Oakland City Attorney's Office in 1999 as a Deputy City Attorney. During her 13 year tenure with the City, she advised City agencies and served as both a trial attorney and a law and motion attorney, where she filed suit on behalf of the City and defended the City and its employees on a wide range of matters in federal and state trial and appellate courts, including civil rights, personal injury, inverse condemnation, labor and employment, and complex litigation. Judge Westmore has been publicly recognized by community organizations, the City of Oakland, and elected officials for her contributions and service to the City of Oakland and its residents.

Prior to taking the bench, Judge Westmore served as President-Elect of the Alameda County Bar Association (ACBA), and volunteered for the ACBA Volunteer Legal Services Corporation's Pro Bono Program representing low-income individuals in family law cases. She currently serves as a member of the court's Community Outreach Committee and co-leads the court's Conviction Alternatives Program (CAP).

She is also an adjunct professor at Golden Gate University School of Law, where she teaches Honors Evidence.

Judge Westmore received her B.A. from U.C. Berkeley in 1989, and her J.D. from the University of San Francisco, School of Law in 1997, all while working full-time and being a wife and mother of two young children. As a law student, Judge Westmore served as a judicial extern to the Honorable Saundra Brown Armstrong of this Court.



MAGISTRATE JUDGE
**Nathanael Cousins**

**San Jose Courthouse**
**Year Appointed:** 2011

**Magistrate Judge Nathanael Cousins** has his chambers in San Jose, but he has served in each courthouse in the Northern District of California, from Salinas to Eureka.

He joined the Court from the U.S. Department of Justice, where he worked as an Assistant U.S. Attorney (San Jose and San Francisco offices) and Antitrust Division Trial Attorney (San Francisco). In those positions, he had criminal jury trials before many of the Judges of this Court. He was part of the team that prosecuted global price-fixing cartels in memory chip markets. He also coordinated Operation Cease-fire, a community program to reduce gang violence in Monterey County.

Immediately before joining the Department of Justice, he worked as a civil litigation associate and then partner in the Chicago office of Kirkland & Ellis, and before that he was a litigation associate in the Los Angeles office of Greenberg Glusker. His civil litigation cases focused on antitrust, class actions, consumer fraud, securities fraud, and civil rights. He was pro bono class counsel for inmates at an Illinois state prison.

Judge Cousins graduated from the University of California, Hastings College of the Law. After law school, he clerked for the Hon. F.A. Little, Jr., Chief Judge of the U.S. District Court, Western District of Louisiana. He received his undergraduate degree in political science from Stanford. While in school, he studied abroad in Russia and the Netherlands.

Judge Cousins has taught legal writing, moot court, and antitrust law at Hastings, and participates regularly in moot court and trial training programs at Bay Area law schools. He also coaches basketball and soccer.



## MAGISTRATE JUDGE
## Virginia K. DeMarchi

**San Jose Courthouse**
**Year Appointed:** 2018

**Magistrate Judge Virginia DeMarchi** joined the court in 2018 after 22 years as a litigator in private practice in Silicon Valley.

Before taking the bench, Magistrate Judge DeMarchi was a partner with Fenwick & West LLP where she represented technology and life sciences companies in patent infringement and other intellectual property matters in a wide range of industries, including e-commerce, computer hardware and software, industrial enzymes, pharmaceuticals, medical devices, financial services, communications, and consumer products. She also served as general counsel to the firm and as a member of the executive committee.

In addition to her private law practice, Magistrate Judge DeMarchi served for nearly 10 years on the board of directors for the Law Foundation of Silicon Valley and has been active in pro bono representation of federal and state inmates and victims of domestic violence.

Before joining Fenwick & West, Magistrate Judge DeMarchi served for two years as a trial attorney with the Civil Division of the United States Department of Justice in Washington, D.C. and clerked for District Judge Steven J. McAuliffe in the District of New Hampshire. Magistrate Judge DeMarchi earned her law degree cum laude from Harvard Law School and her undergraduate degree with honors from Stanford University.



**Magistrate Judge Susan van Keulen** joined the Court following 28 years as a commercial and intellectual property litigator in Silicon Valley.

Magistrate Judge van Keulen's private law practice focused substantially on intellectual property cases in federal and state courts and in private arbitrations, with particular experience handling technology and commercial disputes involving semiconductor, computer, and electronics technologies. Magistrate Judge van Keulen prepared dozens of cases for trial and served as lead trial counsel in a number of cases in the Northern District. As an active part of her practice, she has also regularly represented pro bono clients in cases involving landlord-tenant disputes, immigration issues and legal remedies for domestic violence.

In addition to her active law practice, Magistrate Judge van Keulen served on the Northern District's Patent Local Rules Advisory Subcommittee from 2006 to 2014 and has lectured and written widely on antitrust and patent law and federal procedure.

Magistrate Judge van Keulen graduated from the University of California, Davis and UCLA School of Law, then practiced law with the Thelen law firm (1988-2008) and then as a partner with O'Melveny & Myers where she served as Litigation Practice Leader at the Silicon Valley office until taking the bench.



## MAGISTRATE JUDGE
## Robert M. Illman

**Eureka-McKinleyville Courthouse**
**Year Appointed:** 2017

**Magistrate Judge Robert M. Illman** was appointed to the bench in 2017.

Prior to taking the bench, Judge Illman served as a law clerk to Magistrate Judge Nandor J. Vadas in the Northern District of California from 2014 to 2017, and to Chief Magistrate Judge Wallace Capel, Jr. of the United States District Court for the Middle District of Alabama from 2007 to 2014. Prior to that, Judge Illman served as an Assistant Federal Public Defender in Montgomery, Alabama, from 2003 to 2007. In that role he represented indigent defendants charged with various crimes in federal trial and appellate courts, as well as representing Alabama's death row inmates in their federal habeas corpus litigation. Through his broad background as an attorney working for and practicing in the federal courts, Judge Illman has developed extensive experience in all manner of cases brought before the district court.

Judge Illman graduated with a degree in history from Covenant College in Lookout Mountain, Georgia, and from the University of Alabama School of Law in Tuscaloosa, Alabama.

All new civil and criminal actions arising in the counties of Del Norte, Lake, Humboldt, and Mendocino are assigned directly to Judge Illman, subject to consent under 28 USC § 636(c)(1). Magistrate Judge Illman can hold case management conferences and hear many types of motions by video-conference if parties prefer to appear in San Francisco rather than travel to McKinleyville. In addition, parties can schedule dispositive motions to be heard on days when Judge Illman is in San Francisco.

This brochure is available on the Court's website **cand.uscourts.gov.**

Print copies are available at all of the Court's four courthouses.

The magistrate judge portraits in this brochure were taken by Roslyn Banish and Mike Oria (Judge Tse).

The courthouse photos were taken by court staff members.

**If you have additional questions about magistrate judge jurisdiction, please contact the Clerk's Office:**

(415) 522-2000



**Last Updated**: February 2021

# Exhibit 4

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

### STANDING ORDER FOR
### MAGISTRATE JUDGE KANDIS A. WESTMORE
*(Revised July 15, 2021)*

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at *http://www.cand.uscourts.gov*. The parties' failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

### CALENDAR DATES AND SCHEDULING

1. Criminal motions are heard on the first and third Thursdays of the month at 1:30 p.m., or during the regular criminal calendar when Judge Westmore is on criminal duty. Civil motions are also heard on the first and third Thursdays of the month at 1:30 p.m. Civil case management and status conferences are heard on Tuesdays at 1:30 p.m. Civil pretrial conferences are heard on Wednesdays at 2:00 p.m.

2. Parties should notice motions (other than discovery motions) pursuant to Civil Local Rule 7-2. Parties need not reserve a hearing date, but should confirm the Court's availability at *http://www.cand.uscourts.gov/kaw* by consulting Judge Westmore's scheduling notes. The Court may reset hearing dates as the Court's calendar requires. For scheduling questions, please contact Judge Westmore's courtroom deputy at (510) 637-3525 or via email at *kawcrd@cand.uscourts.gov*.

### ALL REQUESTS MUST BE IN WRITING

3. The Court does not grant relief over the telephone or via email. All requests for relief must be filed in accordance with the local rules. Do not contact the courtroom deputy or chambers to seek relief or legal advice, including information pertaining to the local rules.

### CONSENT CASES

4. In civil cases randomly assigned to Judge Westmore for all purposes, the parties should file their written consent to the assignment of a United States Magistrate Judge for all purposes or their written declination of consent *as soon as possible*, and in no event later than the deadlines specified in Civil L.R. 73-1(a).

## CHAMBERS COPIES AND PROPOSED ORDERS

5.      Under Civil L.R. 5-1 and 5-2, parties must lodge an extra paper copy of any filing, with the exception of the written consent/declination to the assignment of a United States Magistrate Judge.  All chambers copies must be marked "Chambers Copy" and submitted to the Oakland Clerk's Office in an envelope clearly marked "Magistrate Judge Kandis Westmore," and include the case number on the envelope.  All chambers copies of e-filed documents must include the running header created by the ECF System on each page.  All exhibits must be clearly marked and tabbed.  E-filed documents must be cited in all other documents as follows: Dkt. No.__ at ___.  Chambers copies must be mailed or delivered to chambers according to the deadlines set forth in Civil Local Rule 5-1(e)(7).

6.      Any party filing a dispositive motion shall email a copy of the motion in Word format (.doc or .docx) to *kawpo@cand.uscourts.gov*.  This is in addition to the lodged, chambers copy.

7.      Proposed orders filed by an e-filing party shall be submitted in Word format (.doc or .docx) via email to *kawpo@cand.uscourts.gov* on the same day the document is e-filed. This requirement also applies to stipulations that require court approval, which must include a proposed order on the face of the stipulation. This email address should only be used for this stated purpose unless otherwise directed by the Court.

## CIVIL CASE MANAGEMENT

8.      No later than seven (7) days prior to the any scheduled case management or status conference, the parties shall file a Joint Case Management Statement in full compliance with the Northern District of California's General Standing Order for civil cases entitled "Contents of Joint Case Management Statement."  The parties shall appropriately caption their filing to read: "Initial Joint Case Management Statement" or "Further Joint Case Management Statement" as appropriate. The parties are required to file a complete case management statement for every case management conference, and are not permitted to file abbreviated statements.

9.      Parties may not stipulate to continue a case management, status, or pretrial conference without Court approval.   Each party shall be represented **in person** at the Case Management Conference by lead trial counsel (or a party if *pro se*), who shall be (1) prepared to address all of the matters referred to in the Northern District of California's General Standing Order on Joint Case Management Statements; and (2) have full authority to enter stipulations and make admissions pursuant to that order.  Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in

advance of the hearing if the Court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order to have an effective conference. (*See* Judge Westmore's Procedures for Telephonic Appearances.) The facts establishing good cause must be set forth in the request. Parties requesting permission to attend by telephone should consult the Court's Procedures for Telephonic Appearances, available at *http://cand.uscourts.gov/kaworders*, including filing a proposed order that comports with the attached example.

10. All motion hearings, case management, status and pretrial conferences are audio recorded. They are not reported by a court reporter unless counsel requests a court reporter in advance.

## CIVIL DISCOVERY

11. Parties shall propound disclosures and discovery in accordance with Federal Rules of Civil Procedure 26 through 37 and the corresponding Civil Local Rules for the Northern District of California. A copy of the Local Rules is available at the Clerk's Office and at the Court's website *(http://www.cand.uscourts.gov)*. No exceptions to the limitations established in the Federal and Local Rules shall be permitted except pursuant to stipulation of the parties or order of the Court.

12. <u>Protective Orders:</u> If parties believe a protective order is necessary, they shall, where practicable, use one of the model stipulated protective orders (available at *http://cand.uscourts.gov/stipprotectorder*). Parties shall file one of the following with their proposed protective order: (a) a declaration stating that the proposed order is identical to one of the model orders except for the addition of case-identifying information or the elimination of language denoted as optional; (b) a declaration explaining each modification to the model order, along with a redline version comparing the proposed protective order with the model order; or (c) a declaration explaining why use of one of the model orders is not practicable.

13. <u>Meet and confer requirement for discovery disputes.</u> As an initial matter, the parties must comply with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery (available at *http://cand.uscourts.gov/professional_conduct*). Prior to filing any discovery-related motion, lead trial counsel for all parties shall meet and confer **in person or by video conference**, if an in-person conference is not feasible, regarding the discovery dispute(s) in an effort to resolve these matter(s). (Meet and confers may only occur by telephone if it is impossible to meet in person or by video.) After attempting other means to confer on the issue(s) (i.e. letter, phone call, email), any party may demand such a meeting on ten (10) business days' notice. The location of the meeting will alternate with the first location

selected by counsel for Plaintiff, the second by counsel for Defendant, etc.  If unable to resolve all disputes through this procedure, the party seeking Court intervention may file an appropriate motion or joint letter (*see* ¶ 14 below).  Upon receipt of the filing, the Court may order the parties to further meet and confer if the nature of the dispute is such that it should be resolved without court intervention.

14.     <u>Discovery disputes between the parties must be addressed in a joint letter.</u>  After meeting and conferring as set forth in ¶ 13 above, the parties shall draft and file a jointly signed letter within five (5) business days of the lead trial counsels' meet and confer session that contains the following:

(a)     A cover page with the case caption and an attestation that the parties met and conferred <u>in person or by video conference</u> (or, if telephonically, with an additional explanation for why it was not feasible to meet in person or by video) prior to filing the letter, have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter, as well as the signature of both parties or counsel;

(b)     A section which sets forth the unresolved dispute and any pertinent factual background; and

(c)     With respect to each issue relating to the unresolved dispute, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority.

The parties shall file a separate joint letter for each discovery dispute (i.e. if the parties have disputes regarding specific interrogatories and requests for production, they must file two letters).  The joint letter shall not exceed five (5) pages, excluding the cover page, without leave of Court, and may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony.  The parties may only attach 12 pages of exhibit(s).  The joint letter must be e-filed under the Civil Events category of "Motions and Related Filings>Motions--General>Discovery Letter Brief."  The joint letter must be in the following format to ensure that the parties are addressing the same dispute, and are doing so in a manner that facilitates the Court's resolution:

**A.      Request for Production No. 7**

[Summarize the issue and reproduce the request.]

Defendant's Position

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

Plaintiff's Position

[Plaintiff's rationale as to why he fully responded to the request, etc.]

**B.      Request for Production No. 12**

[Summarize the issue and reproduce the request.]

Defendant's Position

[Defendant's position outlining why Plaintiff's response is deficient and the relief requested.]

Plaintiff's Position

[Plaintiff's rationale as to why he fully responded to the request, etc.]

This format should be used for each dispute, and the parties shall attach the propounded discovery and the applicable responses as exhibits to the joint discovery letter. All exhibits must be clearly marked and tabbed. Upon receipt of the joint letter, the Court will determine what future proceedings are necessary.

15.      In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state, in a written response served on all other parties, the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

16.      To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

17.      In the rare event that the parties are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shall file a written request for a telephonic conference on the docket for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which states any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and (if possible) three dates and times at which all parties are available for a telephonic conference. The moving party may attach exhibits to the declaration,

but the declaration and exhibits combined may not exceed seven pages. The Court will not excuse a party from the requisite in-person or telephonic meeting unless good cause is shown.

18.     In emergencies during discovery events (such as depositions), any party may, after exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-1(b) by contacting the Court through the courtroom deputy. If the Court is unavailable, the discovery event shall proceed with objections noted for the record.

19.     No motion for sanctions may be filed until after the moving party has complied with the requirements of paragraphs 13-17 above. Motions for sanctions shall be filed separately, pursuant to Federal Rule 37 and Civil Local Rules 7 and 37-3.

20.     In the event that a discovery hearing is ordered, the Court has found that it is most efficient and beneficial for counsel to appear **in person**. This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve. For this reason, the Court expects counsel to appear in person. Permission for a party to attend by telephone may be granted, in the Court's discretion, upon written request made at least two (2) weeks in advance of the hearing should the Court determine that good cause exists to excuse personal attendance and that personal attendance is not needed in order to have an effective discovery hearing. The facts establishing good cause must be set forth in the request. Parties requesting permission to attend by telephone should consult the Court's Procedures for Telephonic Appearances, available at *http://cand.uscourts.gov/kaworders.*

## Privilege Logs

21.     If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall **promptly** prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified. *See* Fed.R.Civ.P. 26(b)(5). The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

> (a) The title and description of the document, including number of pages or Bates-number range;
>
> (b) The subject matter addressed in the document;
>
> (c) The identity and position of its author(s);
>
> (d) The identity and position of all addressees and recipients;
>
> (e) The date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s);

(f) The steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; and

(g) The specific basis for the claim that the document is privileged or protected. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

## COMMUNICATIONS WITH THE COURT

22.     Pursuant to Civil Local Rule 11-4(c), with the exception of communication with the courtroom deputy regarding scheduling, no party may contact the Court *ex parte* without prior notice to the opposing party.  All communications or questions to the Court shall be presented in writing, properly filed, and include a certification that all parties were served a copy of the written communication. Under no circumstances shall the parties contact chambers or the courtroom deputy to inquire about the status of when an order will be issued.

## MOTION PRACTICE

23.     The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion.

24.     The Court sometimes rules on the papers, issuing a written order and vacating the hearing.  If a written request for oral argument is filed before a ruling, stating that a lawyer of four or fewer years out of law school will conduct the oral argument (or at least the lion's share), then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.

## MOTIONS TO FILE UNDER SEAL

25.     Any party seeking to file a document under seal must comply with Civil Local Rule 79-5.  The motion shall include a statement by the moving party that it has reviewed and complied with that rule.  If the sole basis for the motion is that the opposing party, or a non-party, has designated the document "confidential," the designating party shall file a declaration identifying the appropriate legal standard, i.e., the good cause standard or the compelling reasons standard, and demonstrating why the document at issue meets the applicable legal standard.  The declaration shall be filed by the deadline specified in Civil Local Rule 79-5(e)(1).

## **OTHER MATTERS**

26.     <u>Pronouns.</u> Parties and attorneys may advise the Court of their pronouns by filing a letter or by adding the pronouns in the name block on the first page of the pleadings.

IT IS SO ORDERED.

Dated:  July 15, 2021

_____

KANDIS A. WESTMORE
United States Magistrate Judge

# Exhibit 5

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA
## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes ___ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

20. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.