Case: 21-16903, 11/22/2022, ID: 12593974, DktEntry: 35, Page 1 of 5

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DCR WORKFORCE, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> COUPA SOFTWARE, INC., <br><br> Defendant-Appellee. | No. 21-16903 <br> 22-15328 <br><br> D.C. No. 3:21-cv-06066-EMC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted November 14, 2022
San Jose, California

Before: GRABER, TALLMAN, and FRIEDLAND, Circuit Judges.

Plaintiff DCR Workforce, Inc., brought this action against Defendant Coupa Software, Inc. The district court dismissed the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and denied leave to amend; Plaintiff timely appeals. We review de novo the dismissal, Soo Park v. Thompson, 851 F.3d 910, 918 (9th Cir. 2017), and for abuse of discretion the denial of leave to

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

amend, Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008). A plaintiff should be given leave to amend at least once unless it is clear that no amendment could cure the deficiencies in the complaint. Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Applying those principles, we reverse in part and remand with instructions to allow amendment of the complaint and to vacate the award of fees to Coupa.

1. DCR alleges, first, that Coupa breached the Asset Purchase Agreement ("APA") by failing to issue to DCR the second tranche of stock. The complaint alleges three alternative theories as to how and why this breach occurred:

- Coupa actually did reach the revenue target but did not disclose that it had done so. This theory is plausible because the complaint alleges that the demand for employee management software increased during the relevant time period, that Coupa's overall revenue also increased during the same period, and that the revenue reported by Coupa did not fall significantly short of the required amount.

- Coupa miscalculated the revenue numbers. This theory is plausible because the complaint alleges that Coupa did not disclose any of the input resulting in its revenue calculation.

- Coupa intentionally failed to reach the revenue target by not executing three fully negotiated contracts that Coupa assumed as part of the sale.

2

> This theory is plausible because the clause describing Coupa's obligations with respect to the assumed contracts is ambiguous and because DCR plausibly alleges that, had Coupa finalized the contracts, the revenue target would have been met.

Although each of those theories is plausible as currently alleged, the first two are subject to a dispute-resolution procedure described in the APA, whereby disagreements concerning the revenue calculations are to be resolved by an independent accounting firm. Accordingly, we affirm the district court's dismissal of DCR's breach of contract claims under those two theories because DCR's complaint does not explain why it is excused from those procedures. But we reverse the district court's denial of DCR's request to amend the complaint because DCR may be able to explain why the dispute-resolution procedure does not prevent claims based on those theories from proceeding. Because the dispute-resolution procedure does not affect DCR's third theory of breach of contract we reverse the district court's dismissal of that claim.

2. DCR also alleges that Coupa breached the implied covenant of good faith and fair dealing by engaging in practices that were not commercially reasonable and that intentionally caused Coupa to miss the revenue target. That theory is not plausibly alleged in its current form because DCR does not explain why Coupa would have sought to undermine the success of its own product. But DCR seeks to

3

amend the complaint to explain why Coupa had a motive to manipulate sales: The complaint alleges that the revenue target fell short of the required goal by only $717,472, and DCR seeks to add an allegation that the stock price had risen sharply such that the amount the APA required Coupa to give to DCR was worth more than $71 million. Such allegations would make DCR's claim plausible, and the district court therefore abused its discretion when it denied leave to amend.

3. We reject Coupa's argument that DCR has not pleaded, and cannot plead, these theories in the alternative. Federal Rule of Civil Procedure 8(d)(2) provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); see also Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985) ("In light of the liberal pleading policy embodied in Rule 8[(d)](2), we hold that a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case . . . ."); Fed R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

4. DCR also claims that Coupa failed to pay it "holdback cash" that served as partial security for DCR's indemnification obligations. We affirm the district court's dismissal of the claim as currently pleaded because the allegations are

4

conclusory and often based on "information and belief" when DCR possessed actual knowledge. But we reverse the district court's denial of leave to amend because amendment would not be futile.

5. With respect to DCR's equitable claims, DCR seeks a declaration that the APA's dispute resolution provision impliedly required Coupa to provide it with sufficient documentation to allow DCR to detail its disagreements with Coupa's revenue calculations for the period at issue and therefore justify an independent accounting review. DCR seeks leave to add allegations in support of its demand for documentation and in support of its interpretation of the requirements of the contractual dispute resolution provision. DCR also seeks an equitable accounting, but its allegations are conclusory. Amendment would not be futile and should be allowed.

6. Because Coupa is no longer the prevailing party, we vacate the award of fees to Coupa.

**AFFIRMED IN PART AND REVERSED IN PART; FEE AWARD VACATED.**

5